(88 South. 27)

### GREEN v. MUNSON S. S. LINE.
### (1 Div. 389.)

(Court of Appeals of Alabama. Jan. 18, 1921.)

1. MASTER AND SERVANT ⚸265(2)—SERVANT MUST SHOW NEGLIGENCE ALLEGED.

A servant suing for personal injuries must show that master was guilty of the negligence alleged in the complaint.

2. APPEAL AND ERROR ⚸1047(1)—RULINGS ON EVIDENCE NOT HARMFUL TO PLAINTIFF, WHERE DEFENDANT WAS ENTITLED TO AFFIRMATIVE CHARGE.

Any error in rulings of the court on the evidence cannot be complained of on appeal by plaintiff, where defendant was entitled, in any event, to an affirmative charge.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Action by Henry Green against the Munson Steamship Line. Judgment for defendant, and plaintiff appeals. Affirmed.

Alex T. Howard, of Mobile, for appellant.

In order to show that the loading was done in an unsafe manner, plaintiff should have been allowed to show how the job is usually done. 93 Ala. 185, 9 South. 577; 97 Ala. 281, 12 South. 276; sec. 4011, Code 1907. The court was in error in directing a verdict for the defendant. 96 Ala. 329, 11 South. 346.

Palmer Pillans and Alexis T. Gresham, both of Mobile, for appellee.

Court properly gave the affirmative charge, since the evidence fails to sustain the negligence alleged. 192 Ala. 486, 68 South. 815; 190 Ala. 108, 66 South. 799; 129 Ala. 523, 30 South. 623; 131 Ala. 419, 30 South. 774; 84 South. 556; 204 Ala. 318, 85 South. 257. The burden of proof was on the plaintiff. Authorities supra. If all the questions had been answered, the defendant would have still been entitled to the affirmative charge, and hence no injury intervened.

BRICKEN, P. J. Henry Green, appellant, brought suit against appellee to recover damages for personal injuries alleged to have been received while a servant of appellee. The alleged injury occurring while loading lumber on a ship for appellee.

In the first count of the complaint it was alleged that the injury was received on account of the negligence of the foreman, and is alleged as follows:

"And one Will Gates was then and there the defendant's foreman over the gang of men in which plaintiff was working, and also the gang of men loading said ship on the docks, and was intrusted by the defendant with superintendence, and plaintiff says that whilst in the exercise of such superintendence the said Will Gates then and there negligently permitted said men at work upon the docks to load a sling of lumber and to send same over to said ship with only one turn of said sling around the same."

In the second count it was alleged:

"He negligently allowed certain employees of the defendant, then and there at work out on the docks under his orders as such superintendent, to load a sling load of lumber in an unsafe manner."

[1] We have examined the testimony carefully, and it does not sustain the averments of negligence as alleged in the complaint; to the contrary, the evidence, without dispute, shows that the superintendent was not guilty of the negligence alleged in the complaint. It follows therefore that the court did not err in giving at the request of the defendant the affirmative charge requested in writing.

We do not think plea 3 was subject to the grounds of demurrer interposed to it. But, if there was error, it resulted in no injury to the plaintiff.

[2] It is not necessary to review the rulings of the lower court upon the evidence. If there was error in any of these rulings, it would be without injury to the plaintiff, because, if the said questions had been answered favorably to plaintiff, such evidence would not have proved the negligence alleged in the complaint, and the defendant would still have been entitled to the affirmative charge.

The judgment of the circuit court is affirmed.

Affirmed.